# EXHIBIT B

# UNITED STATES
# DEPARTMENT OF THE INTERIOR
# BUREAU OF LAND MANAGEMENT
# ALASKA STATE OFFICE
## OFFER TO LEASE AND LEASE FOR OIL AND GAS

Serial No.

AA095895

The undersigned (page two) offers to lease all or any of the lands in Item 2 that are available for lease pursuant to Section 20001 of Public Law 115-97 (Dec. 22, 2017; 131 Stat. 2235; 16 U.S.C. 3143 Note).

**READ INSTRUCTIONS BEFORE COMPLETING**

1. Name: Knik Arm Services, LLC

   Street: 56 Oakwell Farms Pkwy

   City, State, Zip Code: San Antonio, Texas 78218

2. This application/offer/lease is for Federal Lands in the Coastal Plain of the Arctic National Wildlife Refuge (ANWR).

   Legal description of land requested:   *Tract No.: 2021-CP-025   *Sale Date (m/d/y): Jan / 06 / 2021

| T. | R. | Meridian | State | County |
|---|---|---|---|---|
| T. 6 N. | R. 27 E. | Umiat Meridian | Alaska | |

Sections 1-18
Stipulations: 1(fiv), 2, 3, 5, 6, 8, 9, 11
Required Operating Procedures

| T. 7 N. | R. 27 E. | Umiat Meridian | Alaska | |
|---|---|---|---|---|

Sections 1-36
Stipulations: 2-6, 8, 9, 11
Required Operating Procedures

| T. 8 N. | R. 27 E. | Umiat Meridian | Alaska | |
|---|---|---|---|---|

Sections 5-9, 15-36
Stipulations: 1(a), 2-6, 8, 9, 11
Required Operating Procedures

Amount remitted: Filing fee $ 170.00     Rental fee $ 486,030

Total acres applied for: 48,603
Total $ 486,200

**DO NOT WRITE BELOW THIS LINE**

3. Land included in lease:

| T. | R. | Meridian | State | County |
|---|---|---|---|---|
| T. 6 N. | R. 27 E. | Umiat Meridian | Alaska | |

Sections 1-18
Stipulations: 1(fiv), 2, 3, 5, 6, 8, 9, 11
Required Operating Procedures

| T. 7 N. | R. 27 E. | Umiat Meridian | Alaska | |
|---|---|---|---|---|

Sections 1-36
Stipulations: 2-6, 8, 9, 11
Required Operating Procedures

| T. 8 N. | R. 27 E. | Umiat Meridian | Alaska | |
|---|---|---|---|---|

Sections 5-9, 15-36
Stipulations: 1(a), 2-6, 8, 9, 11
Required Operating Procedures

Total acres in lease: 48,603
Rental retained $ 486,030

This lease is issued granting the exclusive right to drill for, extract, remove and dispose of all the oil and gas (except helium) in the lands described in Item 3 together with the right to build and maintain necessary improvements thereupon, and including access to those lands through the availability of off-lease right-of-way and easements necessary for the exploration, development, production, or transportation of oil and gas from such lands for the term indicated below, subject to renewal or extension in accordance with the appropriate leasing authority. Rights granted are subject to applicable laws, the terms, conditions, and attached stipulations of this lease, the Secretary of the Interior's regulations and formal orders in effect as of lease issuance, and to reasonable regulations and formal orders hereafter promulgated when not inconsistent with, or unduly burdensome on, lease rights granted or specific provision of this lease.

NOTE: This lease is issued to the high bidder pursuant to his/her duly executed bid or nomination form submitted under 43 CFR Part 3130 and is subject to the provisions of that bid or nomination and those specified on this form.

Type and primary term of lease:

Competitive Coastal Plain Lease with a term of 10 years.

THE UNITED STATES OF AMERICA

by _____ (Signing Officer)
State Director (Title)    1/15/2021 (Date)

EFFECTIVE DATE OF LEASE   1 February 2021

4.   (a) Undersigned certifies that (1) offeror is a citizen of the United States; an association of such citizens; a municipality; or a corporation organized under the laws of the United States or of any State or Territory thereof; (2) all parties holding an interest in the offer are in compliance with 43 CFR Part 3132.1 and the leasing authorities; (3) offeror is not considered a minor under the laws of the State in which the lands covered by this offer are located.

(b) Undersigned agrees that signature to this offer constitutes acceptance of this lease, including all terms, conditions, and stipulations of which offeror has been given notice, and any amendment or separate lease that may include any land described in this offer open to leasing at the time this offer was filed but omitted for any reason from this lease. The offeror further agrees that this offer cannot be withdrawn, either in whole or in part.

This offer will be rejected and will afford offeror no priority if it is not properly completed and executed in accordance with the regulations, or if it is not accompanied by the required payments. 18 U.S.C. Sec. 1001 makes it a crime for any person knowingly and willfully to make to any Department or agency of the United States any false, fictitious or fraudulent statements or representations as to any matter within its jurisdiction.

**NOTICE**

The Privacy Act of 1974 and the regulations at 43 CFR 2.223(d) provide that you be furnished with the following information:

**AUTHORITY:** Section 20001 of PL 115-97 (Dec. 22, 2017; 131 Stat. 2235)

**PRINCIPAL PURPOSE:** The primary uses of the records are (1) to determine your qualification to receive an oil and gas lease; and (2) to provide information concerning oil and gas leases for administrative and public use.

**ROUTINE USES:** BLM and the Department of the Interior (DOI) may disclose your information on this form: (1) to members of the public who have a need for the information that is maintained by BLM for public record; (2) to the U.S. Department of Justice, court, or other adjudicative body when DOI determines the information is necessary and relevant to litigation; (3) to appropriate Federal, State, local or foreign agencies responsible for investigating, prosecuting violations, enforcing or implementing this statute, regulation, or lease; and (4) to a congressional office when you request the assistance of the Member of Congress in writing.

**EFFECT OF NOT PROVIDING THIS INFORMATION:** If you do not furnish all the information required by this form, your application may be rejected.

Duly executed this 12th day of January, 2021   Mark C. Draper, Manager
(Signature of Lessee or Attorney-in-fact)
Knik Arm Services LLC

## LEASE TERMS

Sec. 1. Rentals - Rentals must be paid to the proper office of lessor in advance of each lease year. Annual rental rates per acre or fraction thereof are specified in the detailed statement of sale.

If this lease or a portion thereof is committed to an approved cooperative or unit plan which includes a well capable of producing leased resources, or a well that meets criteria in 43 CFR 3137.82 and the plan contains a provision for allocation of production, royalties shall be paid on the production allocated to this lease. However, annual rentals shall continue to be due at the rate specified for those lands not within a participating area.

Failure to pay annual rent, within 30 days after receipt of a Notice of Delinquency shall cause this lease to terminate. Rentals may be waived, reduced, or suspended by the Secretary upon a sufficient showing by lessee.

Sec. 2. Royalties – Royalties shall be paid to the proper office of lessor. Royalties shall be computed in accordance with regulations on production removed or sold. The royalty rate is 16.67 percent.

Lessor reserves the right to specify whether royalty is to be paid in value or in kind, and the right to establish reasonable minimum values on products after giving lessee notice and an opportunity to be heard. When paid in value, royalties shall be due and payable on the last day of the month following the month in which production occurred. When paid in kind, production shall be delivered, unless otherwise agreed to by lessor, in merchantable condition on the premises where produced without cost to lessor. Lessee shall not be required to hold such production in storage beyond the last day of the month following the month in which production occurred, nor shall lessee be held liable for loss or destruction of royalty oil or other products in storage from causes beyond the reasonable control of the lessee.

An interest charge shall be assessed on the late royalty payments or underpayments in accordance with the Federal Oil and Gas Royalty Management Act of 1982 (FOGRMA) (30 U.S.C. 1701). Lessee shall be liable for royalty payments on oil and gas loss or wasted from a lease site when such loss or waste is due to negligence on the part of the operator, or due to the failure to comply with any rules, regulations, orders, or citations issued under FOGRMA or the leasing authority.

Sec. 3. Bonds – A bond shall be filed and maintained for lease operations as required under regulations.

Sec. 4. Diligence, rate of development, unitization, and drainage – Lessee must exercise reasonable diligence in developing and producing, and must prevent unnecessary damage to, loss of, or waste of leased resources. Lessor reserves the right to specify rates of development and production in the public interest and to require lessee to subscribe to a cooperative or unit plan, within 30 days of notice, if deemed necessary for proper development and operation of area, field, or pool embracing these leased lands. Lessee shall drill and produce wells necessary to protect leased lands from drainage or pay compensatory royalty for drainage in amount determined by lessor.

Sec. 5. Documents, evidence, and inspection – Lessee shall file with the proper office of lessor, not later than 30 days after effective date thereof, any contract or evidence of other arrangement for sale or disposal of production. At such times and in such form as lessor may prescribe, lessee shall furnish detailed statements showing amounts and quality of all products removed and sold, proceeds therefrom, and amount used for production purposes or unavoidably lost. Lessee may be required to provide plats and schematic diagrams showing development work and improvements, and reports with respect to parties in interest, expenditures, and depreciation costs. In the form prescribed by lessor, lessee shall keep a daily drilling record, a log, information on well surveys and tests, and a record of subsurface investigations and furnish copies to lessor when required. Lessee shall keep open at all reasonable times for inspection by any authorized officer of lessor, the leased premises and all wells, improvements, machinery, and fixtures thereon, and all books, accounts, maps, and records relative to operations, surveys, or investigations on or in the leased lands. Lessee shall maintain copies of all contracts, sales agreements, accounting records, and documentation such as billings, invoices, or similar documentation that support costs claimed as manufacturing, preparation, and/or transportation costs. All such records shall be maintained in lessee's accounting office for future audit by lessor. Lessee shall maintain required records for 6 years after they are generated or, if an audit or investigation is underway, until released of the obligation to maintain such records by lessor.

During existence of this lease, information obtained under this section shall be closed to inspection by the public in accordance with the Freedom of Information Act (5 U.S.C. 552).

Sec. 6. Conduct of operations – Lessee shall conduct operations in a manner that minimizes adverse impacts to the land, air, and water, to cultural, biological, visual, and other resources, and to other land uses or users. To the extent consistent with the lease rights granted, lessee shall take reasonable measures deemed necessary by lessor to accomplish the intent of this section. Such measures may include, but are not limited to, modification to siting or design of facilities, timing of operations, and specification of interim and final reclamation measures. Lessor reserves the right to continue existing uses and to authorize future uses upon or in the leased lands, including the approval of easements or rights-of-way. Such uses shall be conditioned so as to prevent unnecessary or unreasonable interference with the rights of lessee.

Prior to disturbing the surface of the leased lands, lessee shall contact lessor to be apprised of procedures to be followed and modifications or reclamation measures that may be necessary. Areas to be disturbed may require inventories or special studies to determine the extent of impacts to other resources. Lessee may be required to complete minor inventories or short-term special studies under guidelines provided by lessor. If, in the conduct of operations, threatened or endangered species, objects of historic or scientific interest, or substantial unanticipated environmental effects are observed, lessee shall immediately contact lessor. Lessee shall cease any operations that would result in the destruction of such species or objects.

Sec. 7. Extraction of helium – Lessor reserves the option of extracting or having extracted helium from gas production in a manner specified and by means provided by lessor at no expense or loss to lessee or owner of the gas. Lessee shall include in any contract of sale of gas the provision of this section.

Sec. 8. Damages to property – Lessee shall pay lessor for damage to lessor's improvements and shall save and hold lessor harmless from all claims for damage or harm to persons or property as a result of lease operations.

Sec. 9. Protection of diverse interests and equal opportunity – Lessee shall pay when due, all taxes legally assessed and levied under laws of the State or the United States; accord all employees complete freedom of purchase; pay all wages at least twice each month in lawful money of the United States, maintain a safe working environment in accordance with standard industry practices; and take measures necessary to protect the health and safety of the public.

Lessor reserves the right to ensure that production is sold at reasonable prices and to prevent monopoly. If lessee operates a pipeline, or owns controlling interest in a pipeline or a company operating a pipeline, which may be operated accessible to oil derived from these leased lands, lessee shall comply with section 28 of the Mineral Leasing Act of 1920.

Lessee shall comply with Executive Order No. 11246 of September 24, 1965, as amended, and regulations and relevant orders of the Secretary of Labor issued pursuant thereto. Neither lessee nor lessee's subcontractors shall maintain segregated facilities. During the performance of this lease, the lessee must comply fully with paragraphs (1) through (8) of 41 CFR 60-1.4(a) with respect to employment discrimination on the basis of race, color, religion, sex, or national origin, and must incorporate the requirements set forth in those paragraphs in every subcontract or purchase order, as provided by that regulation.

Sec. 10. Transfer of lease interests and relinquishment of lease – As required by regulations, lessee shall file with lessor any assignment or other transfer of an interest in this lease. Lessee may relinquish this lease or any legal subdivision by filing in the proper office, a written relinquishment, which shall be effective as of the date of filing, subject to the continued obligation of the lessee and surety to pay all accrued rentals and royalties.

Sec. 11. Delivery of premises – At such time as all or portions of this lease are returned to lessor, lessee shall place affected wells in condition for suspension or abandonment, reclaim the land as specified by lessor, and within a reasonable period of time, remove equipment and improvements not deemed necessary by lessor for preservation of producible wells.

Sec. 12. Proceedings in case of default – If lessee fails to comply with any provisions of this lease, and the noncompliance continues for 30 days after written notice thereof, this lease shall be subject to cancellation unless or until the leasehold contains:
    (a)  a well capable of production of oil and gas in paying quantities or
    (b)  meets criteria under 43 CFR 3135.1-5 or
The lease is committed to an approved cooperative or unit plan or communitization agreement which;
    (a)  contains a well capable of production of unitized substances in paying quantities or
    (b)  meets the criteria under 43 CFR 3137.70 and 43 CFR 3137.82.
This provision shall not be construed to prevent the exercise by lessor of any other legal and equitable remedy, including waiver of the default. As such, remedy or waiver shall prevent later cancellation of the same default occurring at any other time. Lessee shall be subject to applicable provisions and penalties of FOGRMA (30 U.S.C. 1701).

Sec. 13. Heirs and successors-in-interest – Each obligation of this lease shall extend to and be binding upon and every benefit hereof shall inure to: the heirs, executors, administrators, successors, beneficiaries, or assignees of the respective parties hereto.

Sec. 14. Coastal Plain leases and associated lease rights, other development rights, and access rights are granted

pursuant to the authority contained in Section 20001 of PL 115-97, and are subject to the lease stipulations established by the ROD for the ANWR Coastal Plain Leasing Environmental Impact Statement (Leasing EIS) in effect at the time this lease is issued or renewed, the required operating procedures established by the ROD for the ANWR Coastal Plain Leasing EIS in effect at the time lease operations are approved, and compliance with the Section 106 National Historic Preservation Act Programmatic Agreement for the Coastal Plain leasing program in effect at the time lease operations are approved.

## INSTRUCTIONS

A. General

1. The front of this form is to be completed only by parties filing for a noncompetitive lease. The BLM will complete front of the form for all other types of leases.

2. Entries must be typed or printed plainly. Offeror must sign Item 4.

3. An original and two copies of this offer must be prepared and filed in the proper BLM State Office. See regulations at 43 CFR 1821.10 for office locations.

4. If more space is needed, additional sheets must be attached to each copy of the form submitted.

B. Special:

Item 1 - Enter offeror's name and billing address

Item 2 - A single tract number and Sale Date shall be the only acceptable description.

Item 3 - This space will be completed by the United States.

## PAPERWORK REDUCTION ACT STATEMENT

The Paperwork Reduction Act of 1990 (44 U.S.C. 3501 et seq.) requires us to inform you that:

1. This information is being collected pursuant to the law.

2. This information will be used to create and maintain a record of oil and gas lease activity.

3. Response to this request is required to obtain a benefit.

**EFFECT OF NOT PROVIDING INFORMATION - If you do not provide all the information, the offer may be rejected. See regulations at 43 CFR Part 3130.**