IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24-1017C ) ) (Senior Judge Bruggink) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S CONSENT MOTION FOR LEAVE TO WITHDRAW MOTION TO DISMISS AND STAY PROCEEDINGS**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests leave of the Court to withdraw—without prejudice as to its Rule 12(b)(6) grounds—its motion to dismiss and reply brief, and requests that the Court stay further proceedings in this case for 60 days. Plaintiff has represented that it consents to these requests on the condition that, should—at the expiration of the stay—the Government file a motion to dismiss on Rule 12(b)(6) grounds, the Court will allow the parties to proceed with case management activities during the pendency of such motion to the extent allowed by the Rules.

Good cause supports the requested relief. In light of the January 20, 2025 executive order directing the Secretary of the Interior to "exercise all lawful authority and discretion available to him and take all necessary steps to . . . rescind the cancellation of any leases within the Arctic National Wildlife Refuge, other than such lease cancellations as the Secretary of the Interior determines are consistent with the policy interests described in section 2 of this order," the Government has reconsidered its positions in this case. *See* Executive Order 14153 –

Unleashing Alaska's Extraordinary Resource Potential, 90 Fed. Reg. 8,347 (Jan. 29, 2025). Accordingly, the Government is electing not to contest the Court's jurisdiction.[1]

We further request that the Court stay further proceedings in this case. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). A stay would allow the Department of the Interior time to implement the executive order, which began with the issuance of Secretary's Order 3422 on February 3, 2025. *See* Order 3422, *available at* https://www.doi.gov/document-library/secretary-order/so-3422-unleashing-alaskas-extraordinary-resource-potential (last visited Feb. 10, 2025). It would also allow the parties to ascertain the effect of the implementation of the executive order on the claims in this case. This approach will conserve the parties' and the Court's resources, and potentially facilitate an expeditious resolution of plaintiff's claims.

For these reasons, we respectfully request that the Court grant the Government leave to withdraw—without prejudice as to its Rule 12(b)(6) grounds—its motion to dismiss and its reply brief, and stay further proceedings in the case for 60 days. We further propose that the parties submit a status report within 60 days, informing the Court as to the status of implementation of the executive order and the effects on the instant case.

---

[1] Should the implementation of the executive order not resolve the issues in the case, the Government does not intend to pursue a renewed motion to dismiss on section 1500 grounds.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7568
Facsimile: (202) 514-8640
E-mail: sosun.bae@usdoj.gov

Dated: February 10, 2025           *Attorneys for Defendant*